In an action to recover damages for personal injuries, order granting respondent’s motion to extend and modify an order of preclusion and to permit service of a bill of particulars upon payment of $25 costs, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: The accident which is the basis for this suit occurred in September of 1944. The action thereon was not commenced until April, 1947. A bill of particulars was demanded on July 17, 1947. It was not served although defendant was clearly entitled to it. The defendant was, therefore, compelled on January 16, 1948, to move for an order of preclusion. Such an order was granted on consent and the plaintiff was given the unusual time of thirty days to file a bill. No bill was thereafter filed, and on February 1, 1950, on plaintiff’s motion, the order was entered modifying the order of preclusion and giving the plaintiff ten days from the date of such entry to serve his bill. That is the order here appealed from. The appellant states that this is a “ blind ” case, that is, that it has no record of the accident and calls attention to the fact that the original complaint alleges that the accident happened in New Jersey and the amended complaint that it happened in New York. Now, after almost six years of 'inexcusable delay, the defendant will get the information on which it may prepare to defend itself. It should not have been necessary for the defendant to make its motion to preclude in the first place. When the plaintiff admitted his fault and was given an opportunity through the favor of the court to remedy it, he should have taken advantage of the permission. Now he seeks the reformation of an order to which he had consented. I can readily see how the defendant may be prejudiced by this order.